## REAFFIRMATION AGREEMENT
## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA
## MINNEAPOLIS

| Debtor's Name: JEFFREY ALLAN SUNDQUIST LYNETTE RAE SUNDQUIST  Account No. 30328007 | Bankruptcy Case No. 04-45132 |
|---|---|
| | CHAPTER 07 |
| Creditor's Name and Address Green Tree Loan Company Corporate Risk Management PO Box 6154 Rapid City, SD 57709-6154 | For Court Use Only |

**Instructions** 1) Attach a copy of all court judgments, security agreements, and evidence of their perfection.
2) File all the documents by mailing them or delivering them to the Clerk of the Bankruptcy Court.

# NOTICE TO DEBTOR:

This agreement gives up the protection of your bankruptcy discharge for this debt.
As a result of this agreement, the creditor may be able to take your property if you do not pay the agreed amounts. The creditor may also act to collect the debt in other ways.

You may rescind (cancel) this agreement at any time before the bankruptcy court enters a discharge order or within 60 days after this agreement is filed with the court, whichever is later, by notifying the creditor that the agreement is canceled.

You are not required to enter into this agreement by law. It is not required by the Bankruptcy Code, by any other law, or by any contract (except another reaffirmation agreement made in accordance with Bankruptcy Code § 524(c)).

You are allowed to pay this debt without signing this agreement. However, if you do not sign this agreement and are later unwilling or unable to pay the full amount, the creditor will not be able to collect from you. The creditor also will not be allowed to take your property to pay the debt unless the creditor has a lien on that property.

If the creditor has a lien on your personal property, you may have a right to redeem the property and eliminate the lien by making a single payment to the creditor equal to the current value of the property, as agreed by the parties or determined by the court.

This agreement is not valid or binding unless it is filed with clerk of the bankruptcy court prior to discharge. If you were not represented by an attorney during the negotiation of this reaffirmation agreement, the agreement cannot be enforced by the creditor unless 1) you have attended a reaffirmation hearing in the bankruptcy court, and 2) the agreement has been approved by the bankruptcy court. (Court approval is not required if this is a consumer debt secured by a mortgage or other lien on your real estate.)



Name(s): JEFFREY ALLAN SUNDQUIST LYNETTE RAE SUNDQUIST | Case #: 04-45132

# REAFFIRMATION AGREEMENT

The debtor and creditor named above agree to reaffirm the debt described in this agreement as follows:

## THE DEBT

| | |
|---|---|
| Total Amount of Debt When Case was Filed | $56,040.93 |
| Total Amount of Debt Reaffirmed | $56,040.93 ✓ |

Above total includes the following:

| | |
|---|---|
| Interest Accrued to Date of Agreement | $3,995.46 |
| Attorney Fees | $0.00 |
| Late Fees | $0.00 |
| Other Expenses or Costs Relating to the Collection of this Debt (Describe) | $0.00 |

| | |
|---|---|
| Annual Percentage Rate (APR) | 10.25% ✓ |
| Amount of Monthly Payment | $473.95 ✓ |
| Date Payments Start | 7/5/2004 |
| Total Number of Remaining Payments to be made | 307 |
| Total Amount of Payments if Contract paid according to schedule | $169,674.10 |
| Date Any Lien Is to Be Released if paid According to schedule | 05-October-2029 |

The debtor agrees that any and all remedies available to the creditor under the security agreement remain available.

All additional Terms Agreed to by the Parties (if any):

| Name(s): JEFFREY ALLAN SUNDQUIST LYNETTE RAE SUNDQUIST | Case #: 04-45132 |
|---|---|

Payments on this debt were in default on the date on which this bankruptcy case was filed.

This agreement differs from the original agreement with the creditor as follows:

_____
_____

## CREDITOR'S STATEMENT CONCERNING AGREEMENT AND SECURITY/COLLATERAL (IF ANY)

Description of Collateral: If applicable, list manufacturer, year and model.

2000 28 X 56 HIGHLAND MFG           Manufactured Home, Model -
Serial # H08982AB          (the "Collateral").

Value   $56,040.93

Valuation Date   09/14/2004

Basis or source of Valuation   - Secured Balance as of Date of Filing

Current Location and Use of Collateral   MN/MH    Primary Residence

Expected Future Use of Collateral       Primary Residence

Check Applicable Boxes:

( x )  Any lien described herein is valid and perfected.

(  )  This agreement is part of a settlement of a dispute regarding the dischargeability of this debt under section 523 of the Bankruptcy Code (11 U. S. C. § 523) or any other dispute. The nature of dispute is

## DEBTOR'S STATEMENT OF
## EFFECT OF AGREEMENT ON DEBTOR'S FINANCES

My monthly Income (take home pay plus any other income received) is $_____

My current monthly expenses total $_____, not including any payment due under this agreement or any debt to be discharged in this bankruptcy case.

I believe this agreement [will][will not] impose an undue hardship on me or my dependents.

## DEBTOR'S STATEMENT CONCERNING DECISION TO REAFFIRM

I agreed to reaffirm this debt because
_____
_____

I believe this agreement is in my best interest because
_____
_____

I [considered][did not consider] redeeming the collateral under section 722 of the Bankruptcy Code (11 U. S. § 722). I chose not to redeem because
_____

I [was][was not] represented by an attorney during negotiations on this agreement.

Name(s): JEFFREY ALLAN SUNDQUIST LYNETTE RAE SUNDQUIST    Case #: 04-45132

## CERTIFICATION OF ATTTACHMENTS

Any documents which created and perfected the security interest or lien are attached, [if documents are not attached]: The documents which created and perfected the security interest of lien are not attached because

SIGNATURES

(Signature of Debtor) _Jeffrey A. Sundquist_ (Name of Creditor)
JEFFREY ALLAN SUNDQUIST         Green Tree Loan Company
Date 9-27-04

(Signature of Joint Debtor) _Lynette Sundquist_ (Signature of Creditor Representative)
LYNETTE RAE SUNDQUIST           Tina Gaikowski
Date 9-27-04

## CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

I hereby certify that 1) this agreement represents a fully informed and voluntary agreement by the debtor(s); 2) this agreement does not impose a hardship on the debtor or any dependent of the debtor, and 3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

_____  9/27/04
(Signature of Debtor's Attorney, if any)    Date
STEPHEN L HELLER